FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 1 2011

JAMES W. McCORMACK, CLERK
By: _____
                         DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| RICHELLE PATTERSON, | ) |
| Plaintiff, | ) 4-11-CV-0126JLH |
| v. | ) |
| DF GROUP, | ) This case assigned to District Judge HOLMES |
| Defendant. | ) and to Magistrate Judge Volpe |

## COMPLAINT

NOW COMES the Plaintiff, RICHELLE PATTERSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, DF GROUP, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RICHELLE PATTERSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Atkins, County of Pope, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Confin First Bank of Delaware (hereinafter "Confin").

1

6. The debt that Plaintiff allegedly owed Confin was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DF GROUP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about December 8, 2010, Defendant initiated a telephone call to Plaintiff's place of employment and engaged in a telephone conversation with Plaintiff's co-worker.

15. Plaintiff did not consent to Defendant contacting third-parties.

16. During the course of the aforementioned telephone call, Defendant informed Plaintiff's co-worker that it had to contact Plaintiff immediately.

17. Defendant further stated that it had legal papers to serve upon Plaintiff.

18. Defendant then asked what Plaintiff's work hours were so that Defendant could serve her with the legal papers.

19. Defendant then told Plaintiff's co-worker that it was a process server and that Plaintiff had to call Defendant immediately.

20. Defendant then left a telephone number for Plaintiff where she could reach Defendant.

21. Plaintiff's co-worker informed Plaintiff of the contents of the aforementioned telephone conversation.

22. Defendant's statement that it was a process server was false, deceptive and/or misleading given that Defendant was not a process server but is a debt collector.

23. Defendant's statements that it was calling because it had to serve Plaintiff with legal papers was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant made the aforementioned statement no lawsuit had been filed against Plaintiff and as such no legal documents had to be served upon Plaintiff.

24. Defendant's statement that it was calling because it had a legal papers to serve upon Plaintiff misrepresented the legal nature of the debt on which it was attempting to collect

given that, upon information and belief, at the time Defendant made the aforementioned statement no lawsuit had been filed against Plaintiff and as such no legal documents had to be served upon Plaintiff.

25. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that a lawsuit was pending against Plaintiff.

26. Due to Defendant's representations, as delineated above, Plaintiff believed that she had to immediately contact Defendant regarding an important legal matter.

27. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

29. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

31. On or about December 8, 2010, subsequent to speaking with Plaintiff's co-worker, Plaintiff initiated a telephone call to the telephone number that Defendant had left with Plaintiff's co-worker.

32. Plaintiff then engaged in a telephone call with Defendant who informed Plaintiff that it was attempting to collect a debt that she owed to Confin.

33. The aforementioned telephone conversation was Defendant's initial communication with Plaintiff.

34. During the aforesaid telephone call, Plaintiff told Defendant that she believed that her account with Confin had been paid in full.

35. Defendant reiterated that she owed a debt to Confin and told Plaintiff that if she failed to pay the debt then Defendant would issue a garnishment to Plaintiff's employer so that Defendant could garnish her wages.

36. Plaintiff then asked Defendant for information regarding the debt she allegedly owed.

37. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

38. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

39. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

40. On or about December 8, 2010, subsequent to the aforementioned telephone call, Defendant sent Plaintiff a correspondence relative to the debt she allegedly owed. (See a true and exact copy of said correspondence attached as **Exhibit A**).

41. The aforesaid correspondence failed to disclose that the communication was from a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

42. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43. In its attempts to collect the debt allegedly owed by Plaintiff to Confin, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    i. Failed to disclose in communications that said communication was from a debt collector and that any

        information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

j.     Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

k.     Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

l.     Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

45.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHELLE PATTERSON, by and through her attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00;

c.     Plaintiff's attorneys' fees and costs;

d.     Any other relief deemed appropriate by this Honorable Court.

                Respectfully submitted,
                RICHELLE PATTERSON

                By: _____
                David M. Marco
                Attorney for Plaintiff

Dated: February 7, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us

# EXHIBIT A



# DF GROUP

31500 Grape St. Ste #3380-1
Lake Elsinore, Ca 92532
Ph 888-526-4581 Fax 760-637-3838

---

*Personal and Confidential*                    DECEMBER 8, 2010

RICHELLE PATTERSON
9006 US HIGHWAY 64 W LOT 22
RUSSELLVILLE AR 72802

RE:    Original Creditor:    CONFIN FIRST BANK OF DELAWARE
       Original Account: #    5206050000785416
       Account:    19092
       Balance:    $2004.86

As of DECEMBER 8, 2010 the DF Group is prepared to settle this account in full for the balance of $390.00 to satisfy the above referenced account, provided that the funds are received NO LATER THAN DECEMBER 15, 2010. There is no grace period. If funds are not received in our office by the due date, this settlement offer agreement will be considered NULL and VOID.

Once the funds for the above referenced account have cleared your bank, the DF Group, Inc will release you from all claims and liabilities pertaining to this account and our trade line, if any, with the major credit bureaus will be updated *PAID IN FULL*.

If you are unsure whether the payment will be received in our offices on or before the due date, you may contact the undersigned Account Manager to obtain instructions for sending funds via OVERNIGHT DELIVERY SERVICES, MONEY GRAM, or CREDIT OR DEBIT CARD. Please feel free to contact us at any time if you should have any questions regarding your account.

Sincerely,

*Belinda Sims*
BELINDA SIMS
Payment Manager